# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL J. PAVLOCK,**

    **Appellant,**

**v.**                                                                        **Civil Action No.: 1:16cv39**

**MARTIN P. SHEEHAN,**

    **Appellee.**

## REPORT AND RECOMMENDATION CONCERNING
## MOTION TO DISMISS BANKRUPTCY APPEAL

District Judge Irene M. Keeley entered an order (Doc. No. 11) referring all pending motions to the undersigned magistrate judge on April 22, 2016. Consequently, this matter is now before the undersigned for consideration of Appellee, Martin P. Sheehan's Motion to Dismiss Appeal (Doc No. 10), also filed on April 22, 2016.

### I.     BACKGROUND

On January 29, 2010, Craig Adam Golden filed a voluntary Chapter 7 bankruptcy petition with the United States Bankruptcy Court for the Northern District of West Virginia. (Bankr. Doc. 1). On January 30, 2010, a "Notice of the Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines" (Bankr Doc. 7) was entered, instructing creditors that it was not necessary to file a proof of claim. However, on April 14, 2010, the bankruptcy court entered a notice (Bankr. Doc. 22), directing the creditors to file a proof of claim with the bankruptcy court on or before July 15, 2010. October 27, 2015, the Chapter 7 Trustee, Martin P. Sheehan ("Appellee") filed an objection (Bankr. Doc. 51) to three proofs of claim, including that of Michael Pavlock ("Appellant"). Appellee's objection stated Appellant's claim did not have any supporting documents and should be disallowed. <u>Id</u>. On the same date, the Bankruptcy Court

entered an order and notice regarding Appellee's objection to the proof of claims (Bankr. Doc. 52), ordering and notifying the claimants that they had thirty (30) days to submit a written response to the aforesaid objection, and failing to do so may result in the Appellee's objection being sustained. The Bankruptcy docket reflects that Appellant never filed a response to the aforesaid objection, provided additional information, or responded in any other way. On December 2, 2015, Judge Flatley entered an order (Bankr. Doc. 56) sustaining Appellee's objection and disallowing Appellant's claim.

On January 21, 2016, Appellee filed a Final Report (Bankr. Doc. 59). Five days later, Appellee filed "Trustee's Final Report and Applications for Compensation and Deadline to Object" (Bankr. Doc. 61), detailing Appellee's compensation and the allowed unsecured claims. On February 19, 2016, Judge Flatley entered an Order (Bankr. Doc. 66) granting compensation to Appellee. Approximately six days later on February 25, 2016, Appellant filed an "Objection for Payment of any Compensation or Other Monies being Paid from the Assets of Craig Adam Golden Within the January 26, 2016 Notice of Trustee's Final Report." On the same date, Judge Flatley entered an order overruling Appellant's objection, explaining that because "[Appellant] is not a creditor of Debtor's estate, has not raised any grounds for entitlement to the funds to be distributed by the Trustee, and/or stated no objection to the validity of the Trustee's statutory compensation or the unsecured claims allowed in the Debtor's case, Appellant's objection is overruled." (Bankr. Doc. 69).

The Appellant filed his notice of appeal from the bankruptcy court's February 25, 2016, order on March 14, 2016, and it was received by this Court on the same day (Doc. No. 1). Notices concerning the guidelines for appearing in federal court and the nature of a bankruptcy appeal were sent to the Appellant over the ensuing weeks.

On April 22, 2016, Appellee filed his motion to dismiss the appeal, asserting several bases for dismissal. The appellee asserted that: (1) the Appellant has failed to pay the filing fee; (2) the Appellant lacks standing; (3) the appeal is untimely pursuant to Rule 8002 of the Federal Rules of Bankruptcy Procedure; and (4) the appeal is moot because Appellant never requested a stay of the Court's February 25, 2016, order, Appellant failed to object timely to the Trustee's Notice of Final Report (Bankr. Doc. 61), and "without a stay, all but one of the checks distributed by the Trustee have been negotiated."

The court entered a *Roseboro* notice (Doc. No. 12) advising Appellant of his right to respond to Appellee's motion and the possibility that his appeal could be dismissed.

On May 20, 2016, Appellant filed a response (Doc. No. 15) to Appellee's motion to dismiss. In his eight page response, Appellant discusses his interest in the debtor's Chapter 7 estate, but failed to specifically or generally address the issues before the Court.

With this background in mind the undersigned turns to Appellees four main arguments and addresses them accordingly.

## II. ANALYSIS

### A. The appeal should be dismissed because Appellant failed to pay the required filing fee.

Appellee first argues that the Chapter 7 appeal before the court should be dismissed because Appellant failed to pay the required fees associated with filing an appeal. Appellant expressed his intention to pay the fee in his response, but to date, has not done so.

A notice of appeal from a bankruptcy court order should be accompanied by a filing fee. Fed. R. Bankr. P. 8003(a)(3)(C). Failing to take other necessary steps in addition to timely filing, i.e., paying fees, does not affect the validity of the appeal but is grounds for the district court to act within its discretion, including dismissing the appeal. Fed. R. Bnkr. P. 8003(a)(2).

When determining whether to dismiss an appeal under Rule 8003, a district court must take at least one of the following steps: (1) make a finding of bad faith or negligence (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives." In re Serra Builders, Inc., 970 F.2d 1309, 1311 (4th Cir. 1992) (citing Sierra Switchboard Co. v. Westinghouse Electric Corp., 789 F. 2d 705, 706-07 (9th Cir. 1986)).

The issue of whether to dismiss a bankruptcy appeal for failure to pay the required filing fee has been previously decided by the United States District Court for the Northern District of West Virginia's Martinsburg point of holding court in Rahmi v. Sheehan, 2015 WL 845585, (N.D.W. Va. Feb. 25, 2015), and can be likened to this case.

In Rahmi, the debtor filed a notice of appeal without accompanying it with the required filing fee. Shortly thereafter, the Clerk notified the debtor of the need to pay the fee or file an *informa pauperis* motion, which was submitted but denied by the court. The court highlighted that the debtor was further notified of the need to pay the fee by the trustee's motion to dismiss, and of his right to respond or face the possibility of his appeal being dismissed in the court's *Roseboro* notice. The court reasoned that because the debtor had failed to articulate any reason to justify his failure to pay the filing fee, and showed no attempt to pay it, delaying the proceedings to wait for the fee would prejudice the trustee, and concluded the appeal should be dismissed.

Similar to the debtor in Rahmi, who failed to accompany his notice of appeal with the required filing fee, here, Appellant also failed to accompany his notice of appeal with the filing fee. The Clerk in this case promptly informed Appellant to pay the amount owed or file an

4

*informa pauperis* motion, just as the clerk in Rahmi did. Additionally, like the debtor in Rahmi, here, Appellant, was further notified of his need to pay the filing fee by Appellee's Motion to Dismiss and was informed by this Court's Roseboro notice of his right to respond or face the possibility of his appeal being dismissed. The undersigned finds just as the Rahmi court found that Appellee would be prejudiced if the proceedings were prolonged by waiting for Appellant to file his fee. Thus, because the Appellant received notice of the need to pay, has had ample opportunity to pay the fee or submit an *informa pauperis* motion, but has failed to do either, and has failed to explain reasons for his delay in rendering payment, the undersigned is of the opinion that this Court should rule consistently with Rahmi and dismiss the notice of appeal.

### B. The appeal should be dismissed on jurisdictional, waiver and forfeiture grounds.

Appellee next argues that the appeal should be dismissed because Appellant lacked standing, explaining that Appellant had no further interest in the case once the bankruptcy court entered the December 2, 2015, order, disallowing Appellant's claim. In Appellant's response, he explained at length, his interest in debtor's Chapter 7 estate, but failed to address the bankruptcy court's October 27, 2010, and December 2, 2015, orders, and their legal effects on Appellant's claim. The undersigned is of the opinion that Appellee's standing argument may more appropriately be characterized as an issue of jurisdiction, waiver, and forfeiture, which will be discussed below.

### 1. The appeal should be dismissed because the District Court lacks jurisdiction to hear the appeal.

Generally, a party wishing to appeal a bankruptcy court order must do so within fourteen days of the "entry of the . . . order . . . being appealed." Fed. R. Bankr. P. 8002(a). This rule is jurisdictional and must be strictly construed. In re Starcher, 255 B.R. 292, 293 (S.D.W. Va. 2000) (citing Smith v. Dairymen, Inc., 790 F.2d 1107 (4th Cir. 1986)); Ballard v. Tamojira, Inc.,

1997 WL 33062 (4th Cir. 1997)). Furthermore, the bankruptcy court may extend the time for filing a notice of appeal, if a party files a motion within the time prescribed by the rule or within 21 days after that time, upon a showing of excusable neglect. Fed. R. Bankr. P. 8002(d). No extension of time may exceed 21 days after the time prescribed by this rule. Id. Under Rule 9006(a) of the Federal Rules of Bankruptcy Procedure, if the time period is greater than 8 days, intermediate Saturdays, Sundays, and legal holidays are included in the computation of the time period.

As the rule plainly states, a party wishing to appeal an order from the bankruptcy court must do so within fourteen days of that order. When the bankruptcy court entered its December 2, 2015, order disallowing Appellant's claim (Bankr. Doc. 56), Appellant was left with no grounds of entitlement to the funds to be distributed from Debtor's estate. Appellant had fourteen days to appeal that order, but never did so. Additionally, Appellant never filed a motion requesting an extension of time to file a notice of appeal for the December 2, 2015, order. Furthermore, at this point, the opportunity to file for an extension of time to file a notice of appeal of the December 2, 2015, order has expired. Because Appellant failed to appeal the bankruptcy court's December 2, 2015, order, which disallowed his claim in Debtor's estate, thereby, cutting him out of any funds that are to be disbursed from Debtor's estate, he is not entitled to appeal the bankruptcy court's February 25, 2016, order.

> **2. The appeal should be dismissed because Appellant failed to object to the bankruptcy court's October 27, 2010, and December 2, 2015, orders, amounting to a waiver or forfeiture of Appellant's right to challenge the February 25, 2016, order on appeal.**

Although Appellee asserts a standing argument in support of his motion to dismiss, the court finds that in addition to presenting a jurisdictional issue, Appellant's failure to appeal the

bankruptcy court's October 27, 2010, and December 2, 2015, orders, is not a question of standing, but one of waiver and forfeiture.

The test for standing to appeal a bankruptcy court's order to the district court requires that the appellant be a "person aggrieved"—one who has been "directly and adversely affected peculiarly"—by the bankruptcy order. In re Urban Broadcasting Corp., 401 F.3d 236, 244 (4th Cir 2005) (citation omitted). Waiver is the voluntary relinquishment or abandonment of a legal right or advantage, and forfeiture is the loss of a right or privilege because of neglect of one's duty. Black's Law Dictionary (10th ed. 2014). A constitutional right may be forfeited if not asserted in a timely manner. In re Urban Broadcasting Corp., 401F.3d at 246 (citing Yakus v. United States, 321 U.S. 414,444 (1944). As noted by former Justice Antonin Scalia, "[n]o procedural principle is more familiar to this Court than that a constitutional right may be forfeited in a criminal as well as civil cases by the failure to make a timely assertion of the right before a tribunal having jurisdiction to determine it." Id. at 246 (citation omitted). See also Freytag v. Comm'r, 501 U.S. 868, 894 (1991). (Scalia J., concurring)(noting that waiver is likely a subset of forfeiture and concluding that "[s]ome rights may be forfeited by means short of waiver").

This case can be analogized to In re Urban Broadcasting Corp., 401 F.3d 236, 244 (4th Cir 2005). In that case, an equity holder failed to object to a proof of claim filed against a corporate debtor's Chapter 7 estate, and failed to attend a hearing to determine whether this claim should be allowed, despite being served a bankruptcy court order establishing the bar date for objecting to the claim, which informed the equity holder that he had to object or be "forever barred" from raising any objection. Following the hearing, the bankruptcy court entered three orders, which the equity holder appealed to the district court. Thereafter, the corporate debtor

7

filed a motion to dismiss, which the district court granted on standing and waiver grounds. Regarding standing, the district court concluded that the equity holder, who failed to object to or attend the hearing on the corporate debtor's Chapter 7 estate was not a "person aggrieved," and therefore lacked standing. The Fourth Circuit affirmed the district court's conclusion, but rejected its reasoning, stressing that standing depended on whether the appellant was "directly and adversely affected peculiarly" by the bankruptcy court's order and not by whether the party waives or forfeits rights to object to claims. The Fourth Circuit held that the equity holder's failure to object or to attend the hearing was waiver or forfeiture of his right to challenge the order on appeal. In re Urban Broadcasting Corp. 401 F.3d at 236.

Similar to the equity holder in In re Urban Broadcasting Corp., who failed to object to corporate debtor's claim after being served with a bankruptcy court order establishing the bar date for objecting to the corporate debtor's claim, here, Appellant failed to object to Appellees court filing after being served with a bankruptcy court order establishing the bar date for responding to Appellee's objection. Just as the Fourth Circuit found that the equity holder's failure to object and attend the hearing on the corporate debtor's claim amounted to a waiver and forfeiture, the undersigned similarly finds that Appellants failure to object to the bankruptcy court's October 27, 2010 order, directing Appellant to respond to Appellees objection within thirty days, or Appellees objection would be sustained and Appellants claim would be disallowed, amounted to waiver and forfeiture of his right to challenge the order on appeal.

The Court also finds Appellant's failure to appeal the bankruptcy court's December 2, 2015, also amounted to waiver and forfeiture of his right to challenge the order on appeal. In summary, the undersigned is of the opinion that the Appellant missed two distinct events, which amounted to waiver or forfeiture of Appellant's right to challenge the order on appeal: (1) when

8

he failed to respond to the bankruptcy court's October 27, 2010, order, and (2) when he failed to appeal the bankruptcy court's December 2, 2015, order. As such the undersigned is of the opinion that Appellant is not entitled to appeal the bankruptcy court's February 25, 2016, order, and concludes that this result is necessary, otherwise, the Appellee would never have certainty in the distribution of funds.

Because the undersigned finds that Appellant's appeal should be dismissed on grounds of waiver, forfeiture and jurisdiction, the undersigned concludes that whether the Appellant's appeal of the bankruptcy court's February 25, 2016, order was timely filed, and Appellee's equitable mootness argument, are not something that the Court needs to decide, and further concludes that there is no reason for the continued administration of Debtor's Chapter 7 estate to be halted.

## **RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that the Appellee's Motion to Dismiss Appeal (Doc. No. 10) be **GRANTED.**

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(l); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted on June 15, 2016

It is so **ORDERED**.

Dated June 20, 2016

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE